IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: CHRISTOPHER E. SMALLWOOD | ) | CASE NO. 11-42653 |
| | ) | CHAPTER 7 |
| DEBTOR | ) | HONORABLE KAY WOODS |

## MOTION FOR ORDER PARTIALLY VACATING ORDER GRANTING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS (DOCKET NO. 42) AND REPORT TO THE COURT ON RESOLUTION OF SHOW CAUSE ORDER

Now comes Richard G. Zellers, Trustee, by and through Counsel, and hereby reports to the Court the resolution of the matter addressed by the Court at the hearing held on October 18, 2012 on the Order Directing Debtor, Christopher E. Smallwood, to Appear and Show Cause (Docket No. 50) and moves this Court for an Order partially vacating this Court's Order Granting Trustee's Objection to Debtor's Claimed Exemptions entered January 19, 2012 (Docket No. 42) to the extent that it ordered that "the Debtor's $4,585.48 exempt interest claimed pursuant to Ohio Revised Code

'§2329.66(A)(10)(c) or 100% of fair market value' in Debtor's Merrill Lynch Acct No. 5HP-39Q51 is disallowed".

In support of this Motion, the Trustee states that on November 22, 2011, he filed the Trustee's Objection to Debtor's Claimed Exemptions (Docket No. 20) wherein he objected to the Debtor's $4,585.48 exempt interest claimed pursuant to Ohio Revised Code "2329.66(A)(10)(c) or 100% of fair market value" in Debtor's Merrill Lynch Account No. 5HP-39Q51 due to the fact that the Trustee had not been provided with any documentation that established that said account qualified as exempt property pursuant to Ohio Revised Code §2329.66(A)(10)(c). Due to the fact that the Debtor failed to file a response to the Trustee's Objection to Debtor's Claimed Exemptions, the Court entered its Order Granting Trustee's Objection to Debtor's Claimed Exemptions on January 19, 2012 (Docket No. 42). In said Order, the Court ordered that "the Debtor's $4,585.48 exempt interest claimed pursuant to Ohio Revised Code '§2329.66(A)(10)(c) or 100% of fair market value' in Debtor's Merrill Lynch Acct No. 5HP-39Q51 is disallowed".

Despite requests for information directed to Debtor's Counsel regarding numerous matters and documents, the Trustee was required to file a Motion for Order Directing Debtor, Christopher E. Smallwood, to Appear for Further Examination Pursuant to Rule 2004(a) on January 6, 2012 (Docket No. 34). On January 17, 2012, the Court entered an Order Directing the Debtor, Christopher E. Smallwood, to Appear for Further Examination Pursuant to Rule 2004(a) (Docket No. 40) which, specifically, ordered him to produce, among other things, "a copy of the most recent statement

available for Debtor's Merrill Lynch Account". The Debtor and his Counsel did appear at the offices of Richard G. Zellers & Associates, 3810 Starrs Centre Drive, Canfield, Ohio 44406 on February 2, 2012 and did produce certain documents; however, the Debtor failed to produce a copy of his most recent Merrill Lynch Account statement. At the time of the examination, Debtor and his Counsel indicated that they would obtain a copy of the statement and promptly provide it to the Trustee's Counsel. Having not received a copy of Debtor's most recent Merrill Lynch Account statement from Debtor's Counsel, the undersigned Counsel for Trustee sent a letter to Debtor's Counsel, Attorney John H. Chaney III, on July 25, 2012 requesting a copy of the Debtor's Merrill Lynch account statement showing the value of said account as of the Petition date and the current value. In said letter, a true and correct copy of which is attached hereto, identified as "Exhibit A" and incorporated by reference herein, the undersigned Counsel clearly stated that the Debtor was to produce these documents within twenty (20) days of the date of the letter or the undersigned Counsel would file a Motion requesting that the Debtor be held in contempt of Court for failing to comply with the Order entered January 17, 2012. The undersigned Counsel never received a response to this letter; therefore, she filed a Motion for Order Directing Debtor, Christopher E. Smallwood, to Appear and Show Cause Why he Should Not be Held in Contempt of Court on September 19, 2012 (Docket No. 49). On September 20, 2012, the Court entered its Order Directing Debtor, Christopher E. Smallwood, to Appear and Show Cause (Docket No. 50). Debtor's Counsel appeared at the hearing scheduled in this matter on October 18, 2012. Just prior to the hearing, Debtor's Counsel provided the Trustee with a print-

out from Merrill Edge with regard to the Debtor's 5HP-39Q51 Account at issue. Upon review of this account printout, it is clear that the account at issue is an Individual Retirement Rollover Account.

If these documents would have been promptly provided to the Trustee or his Counsel when requested at the First Meeting of Creditors or shortly thereafter, the Trustee would never have had to file an objection to the Debtor's claimed exemption; this Court would have never entered an Order disallowing the Debtor's claimed exempt interest in this Account; the Trustee would never have had to file a Motion for Order Directing Debtor, Christopher E. Smallwood, to Appear and Show Cause Why he Should not be Held in Contempt of Court; this Court would never have had to consider the Trustee's Motion for Order Directing Debtor, Christopher E. Smallwood, to Appear and Show Cause Why he Should not be Held in Contempt of Court and enter an Order directing the Debtor to appear and show cause; and the parties would not have had to appear at the hearing on October 18, 2012. Nonetheless, the Debtor is in fact entitled to an exempt interest in his Individual Retirement Rollover Account held with Merrill Lynch designated as account number 5HP-39Q51; therefore, the Trustee requests that the Court vacate its Order entered January 19, 2012 granting the Trustee's Objection to Debtor's Claimed Exemption (Docket No. 42) to the extent that it disallowed Debtor's $4,585.48 exempt interest in said account claimed pursuant to Ohio Revised Code 2329.66(A)(10)(c). The Trustee makes this request because, despite Debtor and/or Debtor's Counsel causing an inexcusable delay and a waste of the Court's and the Trustee's time, it would be inequitable for the Debtor to be denied the exempt interest

in this account which he is entitled to pursuant to Ohio Revised Code §2329.66(A)(10)(c).

**WHEREFORE,** Richard G. Zellers, Trustee, by and through Counsel, hereby moves this Court for an Order partially vacating this Court's Order Granting Trustee's Objection to Debtor's Claimed Exemptions entered January 19, 2012 (Docket No. 42) to the extent that it ordered that "the Debtor's $4,585.48 exempt interest claimed pursuant to Ohio Revised Code '§2329.66(A)(10)(c) or 100% of fair market value' in Debtor's Merrill Lynch Acct No. 5HP-39Q51 is disallowed"; and requests that the Court grant such other and further relief as it deems just and equitable.

**Respectfully submitted,**

**RICHARD G. ZELLERS & ASSOCIATES**

/s/ Melody Dugic Gazda
**RICHARD G. ZELLERS (0011764)**
**MELODY DUGIC GAZDA (0047122)**
Attorneys for Trustee
3810 Starrs Centre Drive
Canfield, OH 44406
(330) 702-0780 [telephone]
(330) 702-0788 [facsimile]

RICHARD G. ZELLERS & ASSOCIATES
ATTORNEYS AND COUNSELLORS AT LAW
3810 STARRS CENTRE DRIVE
CANFIELD, OHIO 44406-8063

TELEPHONE (330) 702-0780
FACSIMILE (330) 702-0788

RICHARD G. ZELLERS
MELODY DUGIC GAZDA
ROBERT W. PRICE

July 25, 2012

Attorney John H. Chaney III
DANIEL DANILUK LLC
1129 Niles-Cortland Road
Warren, OH 44484

   Re: **Christopher E. Smallwood**
      **Bankruptcy Case No. 11-42653**

Dear Attorney Chaney:

  A review of my file indicates that I have yet to receive a copy of the Debtor's statement for his Merrill Lynch account which was ordered to be produced pursuant to the Order Directing Debtor to Appear for Further Examination Pursuant to Rule 2004(a) entered by the Court on January 17, 2012. I would appreciate receiving a copy of Debtor's Merrill Lynch account statement showing the value of said account as of the Petition date and the current value.

  Please have your client produce these documents within twenty (20) days of the date of this letter or I will be required to file a Motion requesting that the Debtor be held in contempt of Court for failing to comply with the Order entered January 17, 2012.

  Thank you for your continued cooperation in this matter. Should you have any question, please, do not hesitate to contact me.

           Very truly yours,


           MELODY DUGIC GAZDA

MDG/trt

**"EXHIBIT A"**

# CERTIFICATE OF SERVICE

I certify that on October 24th, 2012, a true and correct copy of the Motion for Order Vacating this Court's Order Granting Trustee's Objection to Debtor's Claimed Exemptions was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Attorney John H. Chaney III
jchaney@daniluklaw.com

Attorney Faye Dian English
bknotice@reimerlaw.com

Attorney Scott D. Fink
bronationalecf@weltman.com

Attorney Mary Beth Houser
mhouser@noklaw.com

Attorney Steven M. Palmer
spalmer@ohiolegalclinic.com

And by regular U.S. mail, postage prepaid, on:

Christopher E. Smallwood
5300 Sampson Drive
Girard, OH 44420

/s/ Melody Dugic Gazda
**RICHARD G. ZELLERS (0011764)**
**MELODY DUGIC GAZDA (0047122)**